STATE *vs.* JOHN H. CUNNINGHAM.

*Criminal Law— Using Female under Eighteen Years for Sexual Intercourse—Evidence—Time Alleged in Indictment not Material— Consent no Defense.*

1.  In a trial for using a female under the age of eighteen years for the purpose of sexual intercourse, the date of the alleged offense named in the indictment not being material, testimony on the part of the defense offered to show that the offense charged could not have been committed on the day alleged is immaterial, the State having proved that the offense was committed on some other day.

2.  If at such trial the jury should believe from the evidence, beyond a reasonable doubt, that the prisoner did, at any time prior to the finding of the indictment, take or use the prosecuting witness for the purpose of sexual intercourse; and should also believe that at the time of so doing the prosecuting witness was under the age of eighteen years, their verdict should be guilty.

3.  In such trial, proof of the consent of the prosecuting witness to the act charged against the prisoner would be no defense.

(*February 8, 1901.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Herbert H. Ward,* Attorney-General, and *Robert H. Richards,* Deputy Attorney-General, for the State.

*John P. Nields* and *Peter L. Cooper, Jr.,* for the defendant.

Court of General Sessions, New Castle County, February Term, 1901.

The prisoner, a married man, was indicted at this term for using a female child for the purpose of sexual intercourse.

At the trial, the State proved by Mary C. Law, that the defendant had sexual intercourse with her early in June, 1900, in the factory of The Joseph Bancroft & Sons Co., in the City of Wilmington, under a covered frame through which lawn cloth was passed on clips over steam pipes in order to dry it; that the frames referred to were enclosed with curtains at the ends which could be lifted and were wide enough for three persons to pass in abreast; (there was also testimony that there were windows in the said frames $2\frac{1}{2}$ feet by 3 feet in size, about seven feet apart and extending to within about three feet of the floor); that there were steam pipes underneath and near the floor and also at the upper part of the frames; that the temperature near the lower pipes was about 150 degrees; that Cunningham was a foreman employed in said factory and that there were a number of girls employed under him, among them being Mary C. Law, the complaining witness, whose duty it was to clean the clips; that on the day of the occurrence Cunningham took Mary C. Law by the hand and led her into the door along by the steam pipes and up to about the middle of the frames where he laid her upon the floor and committed the offense charged ; that they were in there together three or four minutes, and when they came out, Cunningham passed out the lower door and Mary C. Law the upper door; that she then went to the upper end of the factory and sat down where she usually worked and waited until the other girls came down from the upper floor.

*Daniel M. Bates*, a witness on behalf of the defendant, testified that he was the superintendent of the mill where Mary C. Law was employed at the time of the alleged occurrence and that a daily record of the time of the employees was kept, which record he had in his possession. The witness was then asked by Mr. Nields the following question: Q. What does the record of the time of each employee disclose? A. The record shows that the machines were run continuously all that morning.

*Mr. Ward:*—We object, and move to strike out any testimony as to the condition on the fifteenth day of June, because there is no issue of that sort joined. There is a date mentioned in our indictment, as we are bound to mention some date; but I submit to the Court that we are not bound to prove that date. Our evidence does not prove that date. Our proof is that this occurrence was in the early part of June. Therefore no testimony as to the condition on June fifteenth is of any account whatsoever.

*Mr. Nields:*—If the testimony does not sustain the indictment, then it fails.

PENNEWILL, J.:—True the Attorney-General alleges a certain day in the indictment, but it is not his proof that it was committed on that day, but in the early part of June.

A majority of the Court think that the answer should be stricken out. Let it be stricken out.

Q. What does appear upon the face of that record of Mary Law for the 15th day of June, 1900?

(Objected to by the Attorney-General on same ground as before stated.)

*Mr. Cooper:*—If the Court please, this is not alleged as a particular offense, or on or about a particular date. It is true that while time is not material, or the proof of it is not, and that the

State is not bound by the time laid in the indictment, nevertheless some specific time must be set forth in the indictment. That time has been selected by the State, after an examination of the State's witnesses—or selected by the grand jury, for it is the selection of the grand jury; it is their return. It has been selected as the 15th day of June; that is the knowledge which is brought home to this defendant of the day when he is supposed to have committed this offense. Therefore this defendant must prepare his defense as of that day. Now when we come into Court, after our defense is prepared, it appears that no particular day is named, but any day in the early part of June. We have the right to show the condition of that mill every day in the early part of June, commencing with the first day and running through to the middle of the month; showing that there was no day in the early part of June, according to the records of this company, when this offense could have been committed in that mill.

*Mr. Ward:*—If the learned counsel can produce a witness of whom he can ask the question whether any day in June that machine was stopped twenty minutes or not, that might be competent evidence; but to pick out a day here and a day there and prove what occurred on such days, is no answer to the State's case; simply because the offense might have been committed on another day. The learned counsel is starting out to prove a negative. It is a difficult thing to do, and he must make that complete, or else it has no more effect than an *alibi* with a day left out.

PENNEWILL, J. :—The Court thinks this question is inadmissible.

Q.  Does the record of Mary Law, on the 15th day of June disclose whether or not there was any sampling done that morning?

(Objected to by the Attorney-General, on the same ground as before stated.)

PENNEWILL, J. :—We rule it out.

Q.  What does the record of the company for the 15th day of June show as to whether or not those frames were running continuously during the morning of that day ?

( Objected to by the Attorney-General, for the reasons already given above.)

PENNEWILL, J. :—Mr. Cooper, do you propose to follow that up by showing by the record what was done on the other days covering the early part of June ?

*Mr. Cooper :*—I cannot tell until I examine this witness off the stand.   We have come here to meet the day alleged—I cannot say because I do not know.

PENNEWILL, J. :—Until that appears to the Court we think the question inadmissible.

PENNEWILL, J., charging the jury :

Gentlemen of the jury:—The Legislature of this State, on March 29, 1899, passed an act entitled, " An act for the better protection of female children," being *Chapter 686, Volume 18, Laws of Delaware*, which, as amended by an act of March 7, 1895, provides, that " Whoever takes, receives, employs, harbors or uses, or causes or procures to be taken, received, employed, harbored or used a female under the age of eighteen years, for the purpose of sexual intercourse, shall be deemed guilty of a misdemeanor."
It is upon this law that the indictment in this case is based, wherein it is charged in one count that John H. Cunningham, the prisoner at the bar, did unlawfully use Mary C. Law for the purpose of sexual intercourse, she, the said Mary C. Law, then and there being a female under the age of eighteen years ; and in the other count it is charged that the said John H. Cunningham did

CHARGE—VERDICT.

unlawfully take Mary C. Law for the purpose of sexual intercourse, she, the said Mary C. Law then and there being a female under the age of eighteen years.

You have heard the testimony, the weight and effect of which is entirely for your consideration and determination; and after carefully considering the same, it is for you to say whether the prisoner, John H. Cunningham, is guilty or not guilty of the offense charged in the indictment.

If you should be satisfied beyond a reasonable doubt from the evidence in this case, that John H. Cunningham, the prisoner at the bar, did in the month of June of last year (1900), or at any time prior to the finding of this indictment on the sixth day of this present month of February, take or use Mary C. Law, the prosecuting witness, for the purpose of sexual intercourse; and should also believe that at the time of so doing she, the said Mary C. Law, was under the age of eighteen years, your verdict should be guilty.

And we further charge you that if you believe the prisoner at the bar did take or use the said Mary C. Law for the purpose of sexual intercourse, and that she, the said Mary C. Law was at the time a female under the age of eighteen years, it is immaterial whether she consented to the act or not, because, under the law, she would be incapable of such consent.

But, gentlemen, if you should not be satisfied from the evidence, beyond a reasonable doubt, that the prisoner at the bar did take, or use, the said Mary C. Law for the purpose of sexual intercourse, or that she was at the time under the age of eighteen years, your verdict should be not guilty; because if after considering all the testimony in the case, you entertain a reasonable doubt of the guilt of the prisoner, such doubt should inure to his benefit and acquittal.

Verdict, guilty.